App. Div.]                    Third Department, May, 1912.

The People of the State of New York ex rel. Alexander M. Mann and Robert J. Cross, Respondents, v. Warren R. Fitzell and Others, as Assessors, etc., Appellants.— Motion to dismiss appeal granted, with costs.

The People of the State of New York, Respondent, v. John Treskow, Appellant.— Motion to dismiss appeal granted.

Maurice M. Parker, Respondent, v. John Simmons, Appellant.— Passed twice and dismissed, with costs, under General Rule 39.

The Hennepin Improvement Company, Appellant, v. Casper Schuster and Another, Respondents.— Judgment affirmed, with costs, on the opinion of Laughlin, J., delivered in the court below, reported at 66 Miscellaneous Reports, 634. All concurred. *

---

## THIRD DEPARTMENT, MAY, 1912.

ALICE J. STYLES, Appellant, v. HENRY L. SHAVER, Respondent.

*Partnership — accounting.*

Appeal by the plaintiff from a judgment entered in the Albany county clerk's office on the 21st day of July, 1909.

PER CURIAM: The findings indicate that the defendant was in the possession of the plaintiff's property in a fiduciary capacity in the nature of a deposit and trust until about the 15th day of November, 1892. His will evidently controlled his mother and she was under his influence and accepted as right whatever he said or did. It is evident that the referee has given too much attention to the alleged settlement and the sale of the store about November, 1892. The transaction was evidently in due form, but, considering the relations existing between the defendant and his mother, it rested upon him to satisfy the court that she fully understood her rights and that they were protected and observed. During the copartnership she received as profits from the store about $5,000, and during the same time, when he was engaged in no other business and was drawing $15 per week salary, he deposited to his own credit in the bank $23,000 independent of discounts. The inference is reasonable that he had received from the business about $18,000 more than she had received. If that is so the alleged sale was unfair and evidently was not understood by her. He produces no books showing the business or profits of the copartnership, and it does not appear that she had any definite account furnished her. It is apparent that the defendant has not shown that he made a fair and just accounting to his mother on account of the partnership in the store. The relations existing between them called upon him to make plain that her rights were observed. The record indicates that the plaintiff is entitled to an accounting with reference to the copartnership matters. The discharge in bankruptcy and the Statute of Limitations do not shield the defendant. It is unnecessary to consider the rights of the parties with reference to the factory and other matters as a new trial must be had and all the facts will more fully appear. The judgment is, therefore, reversed upon the law and the facts, the referee discharged, and a new trial granted, with costs to the appellant to abide the event.

---

*Decision handed down March 6, 1912, and omitted from volume 149 by error.— [REP.